THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| CURTIS LEONARD, ET AL.., ) | Case No. | 2:15-cv-00728 DS |
| Plaintiffs, ) | | |
| vs. ) | MEMORANDUM DECISION AND ORDER | |
| ) | | |
| WHITE HORSE DEVELOPMENT COMPANY, LLC, ET AL., ) | | |
| Defendants. ) | | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## I. INTRODUCTION

This litigation arises out of Plaintiffs' endeavors to have a vacation home built for them in Moab Utah. Pursuant to Fed. R. Civ. P. 12(b)(6), Defendants Garlett Construction, Inc., and Chuck Garlett (collectively "Garletts") move to dismiss Claims Two and Seven of the Complaint directed against them for failure to state a claim for relief.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides that a complaint may be dismissed for failure to state a claim upon which relief can be granted. The complaint must plead sufficient facts, that when taken as true, provide "plausible grounds" that "discovery will reveal evidence" to support plaintiff's allegations. *Bell Atlantic Corp. V. Twombly*, 127 S. Ct. 1955, 1965 (2007). The burden is on the plaintiff to frame a "complaint with enough factual matter (taken as true) to suggest" that he or she is entitled to relief. *Id.* "Factual allegations must be enough to raise a right to relief above the speculative level." *Id*. The

allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief.  *Robbins v. Oklahoma*, 519 F.3d 1242, 1247-48 (10th Cir. 2008).

### III.  DISCUSSION

**A.  Claim Two - Slander of Title/Wrongful Lien**

Garletts contend that "[p]ursuant to Utah Code Ann. § 38-9-103(3) a Construction Lien cannot be a wrongful lien and [Plaintiffs'] Second Claim for Relief fails to state a claim upon which relief may be granted."  Mem. Supp. at 2.[1]

Plaintiffs respond  that a lien claimant cannot evade the Wrongful Lien Act by asserting that the lien is provided by statute and, therefore, it cannot be wrongful.[2]

Although, Plaintiffs' opposition memorandum is not entirely responsive to Garletts' position, which is not that their lien is provided by statute and, therefore, not wrongful, but rather that the  Wrongful Lien Act expressly does not apply to their lien based on the language of  § 38-9-103(3), the Court concludes that Plaintiffs' Second Claim sufficiently states a claim for relief for purposes of the present motion .  *See Bay Harbor Farm, LC*,

---

[1] Utah Code Ann. § 38-9-103(3)  provides: "This chapter [Wrongful Lien Act] does not apply to a person entitled to a preconstruction or construction lien under Section 38-1a-301  who files a lien pursuant to Title 38, Chapter 1a, Preconstruction and Construction Liens."  The Complaint alleges that Garletts performed construction work on the project property.  Section 38-1a-301 (Preconstruction and Construction Liens)  provides that "...a person who provides preconstruction service or construction work on or for a project property has a lien on the project property for the reasonable value of the ... service or ... work ...  as provided in this chapter."

[2] Plaintiffs rely on *Total Restoration, Inc. V. Merritt,* 338 P.3d 836, 841 (Utah App. 2014), and *Bay Harbor Farm, LC*, 329 P.3d 46, 48 (Utah App. 2014), to argue that a lien claimant cannot escape the Wrongful Lien Act merely by alleging that the lien is authorized by statute

2

329 P.3d at 48 ("if a lien claimant has no plausible claim to the property that is the subject of the lien, a court may declare the lien wrongful under the Wrongful Lien Act even if it purports to be one falling into the category of statutorily authorized lines"). *See also Hutter v. Dig-It, Inc.*, 219 P.3d 918, 929-931 (Utah 2009)(discussing Wrongful Lien Act provision that specifically exempted mechanic's liens from its operation). Because the Complaint alleges that Plaintiffs at all times paid the amounts due, that Garletts submitted lien releases, and that the lien was improperly filed, Compl. ¶¶ 52-54, the Court concludes that Plaintiffs' allegations are sufficient under the applicable standard of review to survive the present motion. Garletts' motion as to Claim Two, therefore, is denied.

### B. Claim Seven - Negligent Infliction of Emotional Distress

Garletts next urge that Plaintiffs' Seventh Claim, for negligent infliction of emotional distress, which is essentially based on Garletts recording a construction lien against Plaintiffs' vacation home, fails to state a claim upon which relief may be granted. The Court agrees.

> To prevail on their claim for negligent infliction of emotional distress, the plaintiff[s] must show the following:
>
>> If the actor unintentionally causes emotional distress to another, he is subject to liability to the other for resulting illness or bodily harm if the actor (a) should have realized that his conduct involved an unreasonable risk of causing the distress, ... and (b) from facts known to him, should have realized that the distress, if it were caused, might result in illness or bodily harm.
>
> [It has previously been held] that it is not enough for a plaintiff to merely allege emotional distress. Instead, [they] must prove that distress by means of severe physical or mental manifestations.

3

*Carlton v. Brown*, 323 P. 3d 571, 585 (Utah 2014)(citations and footnotes omitted).

A claim for negligent infliction of emotional distress may be supported by either mental or physical illness, but must be such that "'a reasonable [person], normally constituted, would be unable to adequately cope with the mental stress engendered by the circumstances of the case'". *Id*. at n.43 (quoting *Hansen v. Mountain Fuel Supply Co.*, 858 P.2d 970, 975 (Utah 1993)). Contrary to Garletts' characterization of Plaintiffs' failed effort to paint "a monstrous, atrocious and heinous act", Reply at 4, allegations of outrageous conduct are not required. *See Anderson Dev. Co. V. Tobias*, 116 P.3d 323, 339 (Utah 2005) ("Unlike a claim for intentional infliction of emotional distress, a claim for negligent infliction of emotional distress does not require proof of outrageous conduct.").

Case authority supports dismissal of a negligent infliction of emotional distress claim where the claimant "failed to allege that the distress he claimed to have suffered manifested itself through severe mental or physical symptoms." *Carlton,* 323 P. 3d at 585. And relevant here is the holding of the Utah Supreme Court that "allegations of abusive litigation, without more, cannot support a claim for negligent infliction of emotional distress." *Anderson Dev. Co.* , 116 P.3d at 340. It is difficult to view plaintiffs' claim of emotional distress as any more egregious than the abusive litigation discussed in *Anderson Dev. Co.*

Because Plaintiffs' have failed to allege that the distress suffered manifested itself through severe mental or physical symptoms, Garletts' motion to dismiss Plaintiffs' Seventh Claim as to them is granted.

## IV.  CONCLUSION

For the reasons stated, Garletts' Motion to Dismiss (Doc. #8) is **denied** as to

Plaintiffs' Second Claim for Relief, and **granted** with respect to Plaintiffs' Seventh Claim for Relief.

    IT IS SO ORDERED.

        Dated this 1st day of February, 2016

                      BY THE COURT:

                      DAVID SAM
                      SENIOR JUDGE
                      UNITED STATES DISTRICT COURT