THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| GARLETT CONSTRUCTION, INC., ) | Case No. 2:15-cv-00728-DS |
| Plaintiff, ) | |
| vs. ) | MEMORANDUM DECISION AND ORDER |
| CURTIS LEONARD, ET AL., ) | |
| ) | |
| Defendants. | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## I. INTRODUCTION

This case involves an action for construction lien foreclosure filed by Garlett Construction, Inc. ("GCI") relating to the construction of a residence in Moab, Utah for Defendants Curtis and Genevieve Leonard (the "Leonards").

Under Federal Rule of Civil Procedure 12(b)(6) the Leonards move to dismiss the Complaint contending that GCI cannot state a claim under Utah's foreclosure statues because (1) "GCI is an unlicensed contractor who lacks standing under Utah Code Ann. § 58-55-604 to bring a collection action"; (2) "GCI's preliminary notice of construction lien ... is defective, and ... cannot be foreclosed upon by the Court"; and (3) GCI "executed lien waivers precluding any claim to foreclose a construction lien at the Leonard Residence". Mot. at 2.

Because matters outside the pleadings have been presented by the parties which will not be excluded by the Court, the Motion must be treated as one for summary judgment under Rule 56. Fed. R. Civ. P. 12(d).[1]

## II.  SUMMARY JUDGEMENT STANDARD

Under Federal Rule of Civil Procedure 56, summary judgment is proper only when the pleadings, affidavits, depositions or admissions establish there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law. The burden of establishing the nonexistence of a genuine issue of material fact is on the moving party.[2] *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). This burden has two distinct components: an initial burden of production on the moving party, which burden when satisfied shifts to the nonmoving party, and an ultimate burden of persuasion, which always remains on the moving party. *See* 10A C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 2727 (2d ed. 1983).

The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id*. If the nonmoving party cannot muster sufficient evidence to make out a triable issue of fact on his claim, a trial would be useless and the moving party is entitled to summary judgment as a matter of law. *Celotex*, 477 U.S. 242.

---

[1] By Order dated May 26, 2016, the parties were given until June 15, 2016, to present any additional material they wished the Court to consider in light of conversion of the Rule 12(b)(6) motion to dismiss to one for summary judgment under Rule 56.

[2] Whether a fact is material is determined by looking to relevant substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242.

## III.  DISCUSSION

### A. Whether  GCI is Barred from Bringing an Action because It is not a Licensed Contractor.

The Leonards first assert that because GCI is not a licensed contractor in the State of Utah it lacks standing to bring a claim for construction services which requires a valid contractor's license. [3]

"In Utah a contractor that is a business entity can only be licensed through a natural person know as a 'qualifier' - which individual must pass the required examination and which individual must exercise 'material authority' in the conduct of the business entity's contracting business.  Utah Code Ann. § 58-55-304."  Mem. Opp'n at 4.  GCI has provided documentation that the d/b/a "Chuck Garlett Construction" is a licensed contractor and that Chuck Garlett is the qualifier for Chuck Garlett Construction.  See Mem. Opp'n, Ex. A

As GCI urges, simply because the d/b/a Chuck Garlett Construction, and not GCI, is the entity listed by the state as the licensee, is not a reason to grant the relief requested by the Leonards.  *See Fillmore Products, Inc., v. Western States Paving, Inc.*, 561 P.2d 687, 689, 690 (Utah 1977)(quotation marks and citation omitted) (Utah "has not applied the general rule of denying relief to unlicensed persons ... inflexibly or too broadly" and the general rule should not "become an unwarranted shield for avoidance of a just obligation").  *See also A.K. & R. Whipple Plumbing and Heating v. Aspen Construction*, 977 F. 2d 518,

---

[3] *See* Utah Code Ann § 58-55-604 ("a contractor ... may not commence or maintain any action in any court of the state for collection of compensation for performing any act for which a license is required by the chapter without alleging and proving that the licensed contractor ... was appropriately licensed when the contract sued upon was entered into, and when the alleged cause of action arose").

523 (Utah App.), *cert denied*, 997 P.2d 518 (1999) ("an unlicensed contractor may recover if the work it performed was supervised by a licensed contractor" or "if the reason a contractor fails to obtain a proper license is minor and does not undermine its ability to perform work, the unlicensed contractor may recover"). The Court agrees with GCI that this is not a case involving a claim by an unlicensed contractor. By their allegations, the Leonards have acknowledged that GCI "is a Utah corporation ... owned and/or operated by ... Chuck Garlett." Am. Compl. at ¶ 6. It is undisputed that GCI ia a family business and the Chuck Garlett is its president and sole shareholder. It is also undisputed that the work performed was supervised and performed by a licensed contractor. In any event, the Court also agrees with Plaintiff that "the reason GCI is arguably unlicensed is certainly minor, *i.e.*, application for the license by the qualifier Chuck Garlett in the name of a d/b/a - 'Chuck Garlett Construction' - as opposed to "Garlett Construction, Inc.'" Mem. Opp'n at 5. The Leonards' position on this issue, therefore, is rejected.

> **B. Whether GCI's Preliminary Notice of Construction Lien is Defective Precluding its Claim.**

Next, the Leonards contend that GCI's preliminary notice of construction lien is defective because GCI failed to plead that it entered into a written contract and provided notice to the Leonards as homeowners regarding "what actions are necessary for the

owner to be protected ... from the maintaining of a mechanic's lien" as required by Utah Code Ann. § 38-11-108.[4]

Utah's Residence Lien Restriction and Lien Recovery Fund Act, Utah Code Ann. §§ 38-11-101 - 38-11-302 ("URLRLRA") requires that an "original contractor" or "real estate developer" state in a written contract with the owner what actions are necessary for the owner to be protected under the URLRLRA. It is undisputed that GCI was not the original contractor or real estate developer. Utah Code Ann § 38-11-108(1), therefore, has no application to GCI, and the Leonards' position on this issue is rejected.

The Leonards' further assert, as an alternative position, that GCI's preliminary notice is defective under Utah Code Ann. § 38-1a-501(h)(ii), because it states that GCI was employed by the Leonards, rather than the General Contractor White Horse.[5]

A construction lien claimant must file a preliminary notice with the Utah State Construction Registry in order to claim a construction lien. Utah Code Ann. § 38-1a-501. GCI has documented that it "did file a preliminary notice with the SCR [Utah State Construction Registry]." Mem. Opp'n at 7. *See* Mem. Opp'n, Ex. B. On its face Exhibit B

---

[4] Utah Code Ann § 38-11-108(1)(emphasis added) provides:
Beginning July 1, 1995, the **original contractor or real estate developer** shall state in the written contract with the owner what actions are necessary for the owner to be protected under Section 38-11-107 from the maintaining of a mechanic's lien or other civil action against the owner or the owner-occupied residence to recover money owned for qualified services.

[5] Utah Code Ann. § 38-1a-501(h)(ii), among other things, requires a preliminary notice to include "the name and address of the person who contracted with the claimant for the construction".

reflects that the Leonards are the owner of the project for which GCI worked as a contractor. There is no specific representation that GCI was employed by or directly contracted with the Leonards as they allege. In short, the Court is not persuaded that the Leonards have carried their burden of proof on this issue as GCI suggests.

> Leonards['] argument that GCI's Preliminary Notice is "defective" because the format employed by the Utah State Construction Registry for State Construction Reports does not contain the information ser forth in *Utah Code Ann.* § 38-1a-501(1)(h) is specious. The fact that the State Construction Report format employed by the State Construction Registry does not contain the information contained in *Utah Code Ann*. § 38-1a-501(1)(h) reflects a decision of the State Construction Registry as to how to report the information submitted to it - it does not mean that GCI did not submit the information set forth in *Utah Code Ann*. § 38-1a-501(1)(h) to the State Construction Registry.

Mem. Opp'n at 7 n. 9. Based on the present record, the Court concludes that the Leonards have not met their burden of proof and their position on this issue is rejected.

### C. Whether GCI Waived its Right to Foreclose Via Lien Waivers.

Finally, the Leonards urge that because Chuck Garlett Construction executed unconditional lien waivers it waived its right to foreclose via lien waivers. At a minimum, the Leonards contend that the lien waivers for construction work performed in April, June and July of 2015, preclude recovery of a portion of the amount claimed since GCI claims entitlement to a lien of $61,094 for the period of January 5, 2015 to August 10, 2015.

The Court agrees with GCI that the Leonards "Unconditional Lien Waivers" are unenforceable. "[T]he sole criteria for the execution of an effective lien waiver are ... the execution of a 'waiver and release signed by the lien claimant or the lien claimant's authorized agent,' and the receipt of 'payment of the amount identified in the waiver and release.' *Lane Myers Construction, LLC v. National City Bank*, 342 P.3d 749, 753 (Utah

2014). The Leonards' Unconditional Lien Waivers" do not identify any amount for which those waivers purportedly apply, nor is there any evidence of record that GCI was paid any amounts in connection with those waivers.[6] The Leonards' position with respect to lien waivers is rejected.

## IV CONCLUSION

For the reasons stated, the Leonards' Motion to Dismiss (Doc. #38) which the Court, after notice, converted to one for Summary Judgment, is denied.

IT IS SO ORDERED.

Dated this 30th day of June, 2016

BY THE COURT:

*[signature: David Sam]*

DAVID SAM
SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[6] The Leonards have not contested GCI's position on lien waivers either in their Reply or Supplemental pleadings.

7